

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 30, 2019

**BY ECF AND EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Aljermiah Mack et al.*, S11 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this supplemental letter motion *in limine* to limit the scope of cross-examination by the defense of certain Government witnesses.

    On August 26, 2019, the Government produced 3500 and *Giglio* material to the defense. On August 27 and August 28, the parties conferred and reached agreements concerning certain areas of cross-examination for certain witnesses. However, the parties are at an impasse regarding two areas of cross-examination related to "CW-2," a cooperating witness and member of the Nine Trey Gangsta Bloods ("Nine Trey"), who is expected to testify about various acts of violence that CW-2 participated in, witnessed, learned about, and/or directed, including acts of violence allegedly committed by the defendants.

    By this letter, the Government respectfully requests that defense counsel be precluded from cross-examining CW-2 regarding: (1) an October 21, 2015 conviction in New York County Supreme Court of Use of a Child Less Than 17 Years of Age in a Sexual Performance, in violation of New York Penal Law § 263.05, a Class C Felony (the "October 2015 Conviction") and ███████████████████████████████████████████████████████████████████████

    A.  **Applicable Law**

    Rules 608 and 609 of the Federal Rules of Evidence limit the circumstances under which specific acts of a witness may be introduced at trial, whether through extrinsic evidence or mere questioning of the witness.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Rule 609 governs the admissibility of a witness's prior convictions. There are two categories of convictions committed within the last ten years that must be admitted: (1) evidence of a witness's prior felony conviction, subject to Rule 403; and (2) convictions for crimes of dishonesty or false statements, regardless of whether they are felonies. Fed. R. Evid. 609(a)(1)(A), 609(a)(2). With respect to the second category—*crimen falsi*—a conviction involves a crime of dishonesty or false statements "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). However, the Second Circuit has recognized that "Congress meant to narrowly define *crimen falsi*." *United States v. Khalil*, 2005 WL 3117195, at *2 (2d Cir. Nov. 22, 2005) (citing *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998)). "The use of the second prong of Rule 609(a) is thus restricted to convictions that bear directly on the likelihood that the [witness] will testify truthfully (and not merely on whether he has a propensity to commit crimes)." *Id.* (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

Rule 608 governs the admissibility of both extrinsic and intrinsic evidence of a witness's prior conduct. Pursuant to Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," except for a criminal conviction that falls within the parameters of Rule 609. While the admissibility of extrinsic evidence is thus cabined, the Court "may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into," but only if the instances "are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1). Any such cross-examination also must satisfy Rule 403—that is, specific instances of a witness's conduct may be inquired into on cross-examination only if their probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. In this context, evidence is unfairly prejudicial if it would invite the jury to decide an issue material to the outcome of the case for reasons that have nothing to do with the factual issues properly before the jury. *See United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993).

More generally, a trial court's discretion to limit the scope of cross-examination is well-established. *See, e.g.*, *United States v. Scarpa*, 913 F.2d 993, 1018 (2d Cir. 1990). Indeed, Rule 611 provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility" and that the Court should "avoid wasting time" and "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611.

Such limitations on cross-examination do not run afoul of the Constitution. As the Supreme Court has explained:

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination [of a prosecution witness] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. . . . "[T]he Confrontation Clause guarantees

>an *opportunity* for effective cross-examination, not cross-examination that is
>effective in whatever way, and to whatever extent, the defense might wish."

*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (emphasis in original) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). "As long as a defendant's right to confront the witnesses against him is not violated, limitations on cross-examination are not grounds for reversal," *United States v. Roldan-Zapata*, 916 F.2d 795, 806 (2d Cir. 1990), and "[t]he decision of the trial court to restrict cross-examination will not be reversed on appeal unless its broad discretion has been abused," *United States v. Maldonado-Rivera*, 922 F.2d 934, 956 (2d Cir. 1990). "A trial judge does not abuse his [or her] discretion by curtailing cross-examination as long as the jury has 'sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government.'" *Scarpa*, 913 F.2d at 1018 (quoting *United States v. Singh*, 628 F.2d 758, 763 (2d Cir. 1980)).

### B. Discussion

#### 1. The October 2015 Conviction

The defense should be precluded from cross-examining CW-2 about the October 2015 Conviction, including the underlying facts supporting the conviction, because any probative value of that testimony is substantially outweighed by unfair prejudice, pursuant to Rule 403.

In or about February 2015, CW-2 was with two other individuals in an apartment, when an underage girl arrived. The girl performed sex acts on the two other individuals. The acts were filmed while CW-2 could be seen grabbing the girl, fondling her breasts and buttocks. The videos were subsequently uploaded to social media. CW-2 pleaded guilty pursuant to a plea agreement.

The October 2015 Conviction is likely to cause a jury to unfairly discount CW-2's testimony due to feelings of disgust concerning the underlying conduct. Cross-examination about this topic would be inappropriate because it would be substantially prejudicial, entirely non-probative of any relevant issue, and irrelevant to testing the truthfulness of CW-2's anticipated testimony.

As an initial matter, the October 2015 Conviction is totally irrelevant to the charged conduct in this case. Indeed, the conduct took place more than two years before CW-2 met either defendant. No testimony to be offered by CW-2, or by any other Government witness, involves sexual misconduct by the defendants or any of their co-conspirators. Because it would be wholly unrelated to the charges against the defendants, the only possible purpose of any cross-examination of CW-2 regarding the October 2015 Conviction would be to inflame the jury against CW-2 in an effort to cause the jurors to reject CW-2's testimony concerning relevant events at issue in this trial—not because CW-2's testimony is not credible but because the jurors would be so disgusted by the October 2015 Conviction.

The Second Circuit has repeatedly found that it is proper for a District Court to preclude questioning of a prosecution witness regarding sex crimes as having an insufficient bearing on the witness's credibility. *See United States* v. *Rosa*, 11 F.3d 316, 336 (2d Cir. 1993) (holding that it

was not "an abuse of discretion to exclude evidence of certain types of acts such as rape and burglary as having an insufficient bearing on the witness's credibility"); *United States* v. *Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (District Court properly precluded questions regarding "prior acts of sodomy upon young children" because such acts did not bear on the witness's credibility); *see also United States* v. *Calderon-Urbina*, 756 F. Supp. 2d 566, 570 (S.D.N.Y. 2010) ("The Court finds that evidence of an incident of sodomy and rape is not probative or veracity. . . . Additionally, the Court finds that evidence of such sex crimes is like to be more prejudicial than probative, as well as inflammatory.").

The October 2015 Conviction is, moreover, entirely irrelevant as to CW-2's propensity for truthfulness as it does not involve any element of deceit or untruthfulness so as to render it relevant to CW-2's credibility. *See, e.g.*, *Calderon-Urbina*, 756 F. Supp. 2d at 570.

The Government does not seek to preclude appropriate inquiry into the testimony of CW-2 with respect to his participation in numerous criminal offenses, including multiple violent crimes in aid of racketeering, firearms charges, and drug dealing—all criminal acts CW-2 committed and will testify about. Indeed, the Government intends to elicit testimony from CW-2 concerning other aspects of CW-2's criminal history and the fact that CW-2 is testifying pursuant to a cooperation agreement. These facts are all proper fodder for cross-examination and provide ample grounds for the defense to attack CW-2's credibility and CW-2's specific testimony about the defendants. Where, as here, there is ample, admissible information to test the credibility and motives of CW-2, the defense should not be permitted to inquire regarding the October 2015 Conviction; those details are not relevant to the charges against the defendants, have no bearing on CW-2's credibility, and are patently inflammatory. *See, e.g.*, *Rosa*, 11 F.3d at 336.



harassment of witness's girlfriend); *Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) (district court



* * *

Accordingly, the Government respectfully submits that the defense be precluded from cross-examining CW-2 concerning the October 2015 Conviction ███████████████████████████████.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

                                     By:   s/                       
                                              Michael D. Longyear
                                              Jonathan E. Rebold
                                              Jacob Warren
                                              Assistant United States Attorneys
                                              (212) 637-2223 / 2512 / 2264

cc: All counsel of record (by ECF and email)