UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ANTHONY ELLISON,<br><br>                    Defendant. | 18-CR-834-9 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On April 22, 2020, counsel for defendant Anthony Ellison filed a motion seeking Ellison's release from prison in light of the COVID-19 pandemic, following Ellison's conviction at trial and pending Ellison's sentencing. Dkt. 473. On April 27, 2020, the Court issued an opinion and order denying that motion. Dkt. 479. In that opinion, the Court explained that:

> The vicious conduct for which Ellison was convicted, his significant criminal history, his high-rank in Nine Trey, and his continued violence while incarcerated make clear that the danger to the community presented by [Ellison's] release outweighs, substantially, the danger to himself presented by his incarceration at the MCC. Indeed, in the Court's assessment, of the 20 or more defendants or former defendants who have applied to this Court for release on account of the pandemic, Ellison's release would pose the single greatest danger to public safety.

*Id.* at 6.

On June 24, 2020, the Court received a letter from Ellison seeking the same relief on substantially similar grounds. *See* Dkt. 504. On June 29, 2020, counsel for Ellison submitted a supplemental letter in support of Ellison's renewed motion for bail pending sentencing. Dkt. 506; *see* Dkt. 507. On July 1, 2020, the Government filed a letter in opposition. Dkt. 508.

For the reasons set forth in the Court's April 27, 2020 opinion, which the Court incorporates here by reference in its entirety, the Court denies Ellison's motion. As the Government notes, the only difference between Ellison's original motion and his renewed

motion is that he has increased the proposed bond amount and the number of proposed co-signers. But no amount of money or number of co-signers can assure the safety of the community from Ellison, who, among other savage acts of violence, slashed open the face of Mark Hobdy as part of an intra-gang dispute. *See* Dkt. 407 at 16–17 (describing evidence of slashing); *United States v. Mercedes*, 254 F.3d 433, 436–37 (2d Cir. 2001); *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991) ("The existence of four cosigners and $10,000 cash may assure the appearance of Rodriguez . . . but will not secure the safety of the community."). Ellison's sentencing remains scheduled for July 23, 2020.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 506 and 507.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 2, 2020
       New York, New York