UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 18-CR-834-09 (PAE) |
| ANTHONY ELLISON, | ORDER |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached six-page letter from defendant Anthony Ellison, relevant to Mr. Ellison's upcoming sentencing. The Court is publicly docketing this letter, which it treats as a supplement to defense counsel's sentencing submission. Mr. Ellison's letter attached 49 pages of exhibits. The Court has furnished these to counsel, but is not publicly filing them at this time, because it is possible that some exhibits are properly not publicly filed, e.g., documents reflecting confidential medical information about Mr. Ellison  The Court directs defense counsel, by Friday, September 25, 2020, to file a letter on the docket of this case identifying with specificity any page that should not be publicly filed, and briefly stating why. The Court will thereupon determine which portions of the attachments to Mr. Ellison's submission are to be publicly filed. The Court will treat the absence of a defense letter as indicating a lack of objection to the public filing of these exhibits.

SO ORDERED.

$\underline{\qquad\textit{Paul A. Engelmayer}\qquad}$
PAUL A. ENGELMAYER
United States District Judge

Dated: September 23, 2020

New York, New York

Honorable Judge Paul A. Engelmayer       18CR0834-9 (PAE)

Your honor I am writing this letter to address some facts that I believe should be taken into consideration. It should be noted that I had very limited time to discuss my memorandum with my lawyer because of the various restrictions at MCC (ie Covid-19, Staff Shortages) I was also unable to effective address several other inconsistencies that are still on my PSR/memorandum. As my Attorney mentioned in my Sentencing memorandum the conditions during my incarceration were extremely harsh, and violates my 6th Ammendment. The communication between client, Attorney has been violated. But, I would like to inform you your honor that the conditions of my incarceration started the day I was taken into custody. During the begining of my incarceration my unit was subjected to extensive lockdowns due to lack of personnel coming to work at MCC, NY. I witnessed several assaults on inmates and stabbings. I saw how the conditions of this incarceration lead to inmates diagnosed with diabetes, and stage 4 cancer Due to unhealthy eating and lack of medical Assitence.

During my incarceration I suffered from smoke inhaletion during a fire that took place on the 11th floor of MCC. The conditions of the cells are also horrible. No Drinking water, Broken toilet and extremely hot cells with no air flow. (Exhibit A) I spend many hours at night chasing, and killing mice, roaches, and dealing with leaks in the plumming system. I was housed

with terrorist that say the conditions at MCC, NY are way worst than Guantanamo Bay, CUBA. Most recently the medical staff found at least 12 positive cases of Covid-19 and one Attempt suicide in my unit alone. (Exhibit B, B2, B3, B4, B5, B6

I would like to share with you some recent cases where, judges took in consideration the conditions in MCC NY to sentence offenders considerably lower than the guidelines. United States vs Paez Vazquez, 20 Cr. 28 (JPO) (sentence to time served, six months, despite Guidelines range of 87 to 108 months, taking into account difficult conditions at the MCC during the Covid-19 Pandemic) United States v. Morgan, 19 cr. 209 (PMB) United States v. Casillas, 19 Cr. 863 (VSB) (S.D.N.Y) May 4, 2020.) United States v. Rivera, 16 cr. 66 (AT), S'ntg Tr. at 25:20-26:5. All cases were from the Southern and Eastern district of NY.

While reviewing my case, I noticed that some of my codefendants, with a much more serious criminal history recieved sentences of less than 66 months, for the same counts that I was convicted of in trial. I believe your honor should take this into consideration and I shouldnt be penalized just because I chose to excerise my constitutional rights to face the evidence and accussures at trial. Another case I found was, 18 Street Park gang, also known as United States v. Jonathan Rodriguez, et al. (Exhibit C

that you precided over. Defendant Corey Heyward, Willam Knox, and Miguel Romero were all charged with using or carrying firearm during and in relation, or possing a firearm in furtherance of a crime of violence of drug trafficking crime, Racketeering Conspiracy, and narcotics Conspiracy. All defendents were facing max penalties of Life in prison. All these defendants were found guilty at trial yet their sentences were notably less than what was recommended. Willam Knox Count 1 Racketeering Conspiracy, Gun was Dismissed at sentencing, also Knox was serving federal time before this superciting indictment that you Precided over. Miguel Romero Count 1 Racketeering Conspiracy " 10 Narcotics Conspiracy, 13 posession of a firearm in connection with racketearing 78 months and 5 yrs supervised Release. Corey Heyward 11/21/2016 Jury guilty Count 1 Racketeering conspiracy " 10 Narcotics " 13 Possession of a firearm in Connection Racketeering Sentenced to 240 months 5 yrs Sup Release with a invoked murder.

In my Background I noticed that the PSR mentioned that I'm a Category 5 of criminal history, while I'm not deminishing my previous conduct all my privious cases did not involve violence. All my previous convictions were financial crimes that I didnt serve any prison term for. In all these felony convictions I was Sentenced to Probation. The Category 5 only add Points as a table of content but dont show the severity or reality of the Crimes that I previously committed. (Exhibit

Show my adult criminal convictions page is in PSR Paragraph 76 thru 80. Keeping this in mind, I have started the process of having my previous non-violent crimes expunged in the state of north carolina and Virginia. Although the process is lengthly, I am eligible for expunction because three of the five felonies were over a decade ago. The remaining two are over five years and will be revisited in the future. All five minor felonies were not of a violent nature and should not place me in a category 5, especially since they are expungable.

Your Honor you have the ability to fact check some of the points that the Prosecution outlined that are in fact false. The most important being that I was on probation at the time of the Slashing. I have completed every probation period without infraction and that is a verifiable fact.

During the Sentence Course of my duties as a head orderly/Clerk I was assaulted by a staff and taken to the SHU without a reasonable reason. Due to this incident my communication with my attorney got even worst. It should be noted that the incident report for that event was dismissed because my conduct was in accordance with BOP rules and regulations. (Exhibit E) It should be noted that the time I was provided to discuss with my lawyers about my memorandum,

My time was limited due to restrictions at MCC NY. This was a fast Deadline for the sentencing memorandum. With little to no help I could not prepare for a complete memorandum that accurately reflect the facts of my defense. It felt like so much pressure. I can imagine this is how Adam Vinatieri and the Patriots felt in 2004 super Bowl 38 at the 41 yard line. Clock is ticking everything is coming down to this. The weight of the world is on my shoulders.

Your Honor a long-term sentence would destory my life beyond repair. I have plans for my future that will become unreachable if I recieve a harsh sentence. As is suggested by the prosecution this experience of being incarcerated during a pandemic has left me scarred, but in a good way because I know for a fact I can never return to custody. I am motivated more than ever to dedicate myself to my dreams and plans (Exhibit F, F2, F3, F4) I learned alot and I'm still learning.

In the government's sentencing memorandum says It appears that Ellison either lacks the capacity, or more likely the desire, to mature or learn from his past mistakes. Nothing is further from the fact and this is evidenced by the Additional letters from staff members here at AE at MCC who have been first hand witnesses to my progress and dedication to making myself a better person. (Exhibit G, G2, G3, G4, G5, G6

Your Honor I know a man in your position is well versed in mental health, trama, and that you know maturity and desire are not as naturally coupled as prosecutors make it seem. I know you understand that my mother being NYPD doesn't simply mean I had a privileged upbring and that there are nuances specific to my life. The micro aggressions used in the language of the prosecution stems from them not being able to relate to my life nor my culture. I know that you understand that everything is not as Black and white as the prosecutors are painting, we Both know life is very colorful. These are all circumstantial facts, and your Honor I have faith you understand. (Exhibit H  )

The prosecution keeps suggesting that I did not take responsibility for my actions. This is in fact far from the truth. Just because I chose to excercise my right to have a trial by jury does not mean that I do not take responsibility for any part of this ordeal. This is one of the most important days of my life, I just want to Be sentence fairly and all facts in consideration.

Respectfully Submitted

*a. E*
Anthony J Ellison

10th September 2020

STEPHEN A. ESPINET
Notary Public, State of New York
No. 01ES6194593
Qualified in Kings County
Commission Expires October 6, 20_20_