20-788-cr (L)
United States v. Mack, Ellison

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 17 2022

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-two.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges*.
------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.    No. 20-788-cr (L),
      20-3881-cr (Con)

ALJERMIAH MACK, ANTHONY ELLISON,

*Defendants-Appellants*.*
------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

|  |  |  |
|---|---|---|
| | FOR DEFENDANT-APPELLANT MACK: | JILLIAN S. HARRINGTON, Law Office of Jillian S. Harrington, Monroe Township, NJ |
| | FOR DEFENDANT-APPELLANT ELLISON: | ANDREW M. ST. LAURENT, Harris, St. Laurent & Wechsler LLP, New York, NY |
| | FOR APPELLEE: | MICHAEL D. LONGYEAR, Assistant United States Attorney (Jonathan Rebold, Karl Metzner, Assistant United States Attorneys, *on the brief*) *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |

Appeal from judgments of conviction entered in the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Aljermiah Mack and Anthony Ellison appeal from judgments of conviction entered in the United States District Court for the Southern District of New York (Engelmayer, J.). We assume the parties' familiarity with the underlying facts

1   and the record of prior proceedings, to which we refer only as necessary to

2   explain our decision to affirm.

3       In 2019 Mack and Ellison were charged in a seven-count superseding

4   indictment.  Following a three-week jury trial, Ellison was convicted of

5   participation in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d);

6   kidnapping in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2;

7   and maiming and assault with a dangerous weapon in aid of racketeering, in

8   violation of 18 U.S.C. §§ 1959(a)(2), (a)(3), and 2.  Mack was convicted of

9   participation in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and

10  conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846 and

11  841(b)(1)(A).

12      Mack and Ellison collectively raise several arguments in favor of vacating

13  their convictions, each of which we address in turn.

14      **1. Sufficiency of the Evidence**

15      At trial, the Government contended that Mack and Ellison were high-

16  ranking members of the Nine Trey Gangsta Bloods gang ("Nine Trey") who

17  personally engaged in kidnapping, assaults, robberies, and shootings.  The

18  Government also maintained that Mack sold drugs.  Mack argues that there was

3

1   insufficient evidence to support his convictions.   He claims that two

2   Government witnesses—Daniel Hernandez and Kristian Cruz—"were liars" who

3   cooperated with the Government and "should be deemed incredible as a matter

4   of law."   Mack Br. 33.   Mack also insists that the Government failed to prove

5   that the relevant predicate acts were committed in furtherance of Nine Trey,

6   "rather than [drug] deals between two individuals that had nothing to do with

7   the [gang]," id. at 40, or "[violence] in furtherance of a much smaller,

8   independently-operating group of [gang] members," id. at 24.

9          "[W]e will uphold the judgments of conviction if any rational trier of fact

10  could have found the essential elements of the crime beyond a reasonable

11  doubt."   United States v. Coplan, 703 F.3d 46, 62 (2d Cir. 2012) (quotation marks

12  omitted).   With regard to Hernandez's and Cruz's testimony, we "defer to the

13  jury's assessment of witness credibility," including as to witnesses who "testified

14  pursuant to cooperation agreements with the Government."   United States v.

15  Glenn, 312 F.3d 58, 64 (2d Cir. 2002).   As for whether Mack's predicate acts were

16  committed in furtherance of Nine Trey, the jury considered evidence of his

17  criminal activities and membership in Nine Trey, including the testimony of

18  Hernandez and Cruz, social media messages and photographs, and recorded

4

1   calls between Mack, Cruz, and other members of the alleged conspiracy.

2   Viewed "in the light most favorable to the government," this—among other

3   evidence—is sufficient to show that the relevant predicate acts were committed

4   in furtherance of Nine Trey.   Coplan, 703 F.3d at 62 (quotation marks omitted).

5   **2. District Court and Government Comments to the Jury**

6   Mack next argues that his fair trial and due process rights were violated as

7   a result of improper comments made by the District Court and the Government.

8   We reject Mack's argument as to both comments.

9   While instructing the jury, the District Court explained that it would list

10  the charges out of order and "start with a very straightforward charge."  App'x

11  2040.   Because there was no objection to the District Court's comment at trial, we

12  review for plain error.   See United States v. Miller, 954 F.3d 551, 557–58 (2d Cir.

13  2020).

14  The context in which this comment was made matters.   While instructing

15  the jury, the District Court added that it was "not suggesting" that the order in

16  which it addressed the charges was "necessarily the best way for [the jury] to do

17  [it]."  App'x 2040.   Instead, the District Court clarified, the order was "simply

18  the best way [it] could think of to simplify the task of describing many different

5

1   crimes that [were] similar in some respects and different in others."  App'x 2040.

2   The District Court then described the narcotics charge before the racketeering

3   charge, the latter of which it characterized as "the longest" and "most

4   complicated charge."  App'x 2056.  Viewed in this context, we cannot say that

5   the District Court's comment was so prejudicial or affected "the fairness,

6   integrity or public reputation of judicial proceedings" as to constitute plain error.

7   Miller, 954 F.3d at 557–58 (quotation marks omitted).

8        Second, during rebuttal summation, the Government said that defense

9   counsel had "no choice" but to "argue that the cooperators, all of them, are

10  lying."  App'x 1990.  Defense counsel objected to the comment and was

11  overruled.  See App'x 1990.  Comments by the Government in summation "do

12  not amount to a denial of due process unless they constitute egregious

13  misconduct."  United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999) (quotation

14  marks omitted).

15       We reject Mack's challenge to the Government's rebuttal summation.

16  Defense counsel made extensive statements impugning the credibility of the

17  Government's witnesses.  The Government's comments in rebuttal were

18  "legitimate responses to counsel's arguments that [Mack] had, in essence, been

6

1   framed by the cooperating witnesses and the government." United States v.

2   Rivera, 971 F.2d 876, 883 (2d Cir. 1992). We identify no misconduct in the

3   rebuttal summation.

4   **3. Recalling Hernandez as a Witness**

5   Ellison argues that the District Court violated his Sixth Amendment rights

6   by prohibiting him from recalling Hernandez as a witness and offering a

7   videotape of a prior interview that Hernandez gave "as evidence of a prior

8   inconsistent statement." App'x 1343. District courts have "broad discretion in

9   controlling the scope and extent of cross-examination and may impose

10  reasonable limits on cross-examination to protect against, e.g., harassment,

11  prejudice, confusion, and waste." United States v. Sampson, 898 F.3d 287, 308

12  (2d Cir. 2018) (quotation marks omitted). Here, Hernandez testified on direct

13  examination that he had lied during the prior interview, was already cross-

14  examined about that interview, a transcript of the interview was used to refresh

15  his recollection regarding inconsistent statements he made, and defense counsel

16  mentioned those prior inconsistent statements during summation. Ellison's

17  only stated reason to recall Hernandez was that defense counsel had difficulty

18  editing the videotape in time to play it for the jury. We agree with the District

7

1   Court that this was "not a good reason" to recall the witness.   App'x 1346.   In

2   any event, the District Court did not abuse its discretion in "impos[ing]

3   reasonable limits" to exclude "repetitive or only marginally relevant" testimony

4   from Hernandez.   Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).[1]

5      **4.  Limiting Cross-Examination of Ramirez**

6   Ellison next argues that the District Court violated his Sixth Amendment

7   rights by limiting the cross-examination of Jazlyn Ramirez, who testified about

8   Ellison's criminal conduct.   As discussed above, district courts have "broad

9   discretion in controlling the scope and extent of cross-examination."   Sampson,

10  898 F.3d at 308.   Here, defense counsel was precluded from asking one question

11  about whether Ramirez sought attorney-client privileged information from

12  Ellison as an agent of the Government.   Because nothing in Ramirez's testimony

13  suggested that she sought privileged information from Ellison, and the question

14  lacked any factual predicate, the District Court did not abuse its discretion in

15  precluding the question as a "reasonable limit[] on cross-examination."   Id.

---

[1] Ellison also moved for this Court to take judicial notice of the prior interview.   Dkt. No. 149.  We now GRANT his motion, but for the reasons explained, find that the supplemented record does not affect our conclusion that there was no abuse of discretion in prohibiting Ellison from recalling Hernandez as a witness.

8

**5. Coconspirator Statements**

Ellison also claims that the District Court improperly permitted Hernandez to testify about a conversation he had with another Nine Trey member, "Gunz," regarding an assault committed by Ellison. Federal Rule of Evidence 801(d)(2)(E) provides that a statement "is not hearsay" if it is "offered against an opposing party" and "was made by the party's coconspirator during and in furtherance of the conspiracy." Ellison principally contends that Gunz's statements were inadmissible hearsay because Ellison and Gunz were not in fact coconspirators, but rather members of warring factions. See Ellison Br. 68–69.

"[W]e have recognized that [s]tatements between coconspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy, further the ends of [a] conspiracy." United States v. Gupta, 747 F.3d 111, 124 (2d Cir. 2014) (quotation marks omitted). This remains true even when there are factions within a broader conspiracy—"[r]ivalry and dissension, however violent, do not necessarily signify dissolution of a conspiracy." United States v. Amato, 15 F.3d 230, 234 (2d Cir. 1994). Indeed, "[a]n internal dispute among members of a conspiracy can itself be compelling evidence that the conspiracy is ongoing and

9

1   that the rivals are members of it." Id. Here, the jury heard evidence that

2   although "the gang was broken up and divided into four pieces, . . . we're all

3   part of the same gang, but we're all attacking each other at the same time."

4   App'x 793. The District Court did not abuse its discretion in admitting Gunz's

5   statements to Hernandez on the ground that Gunz, Hernandez, and Ellison were

6   all members of the Nine Trey enterprise at the time the statements were made,

7   and the statements were in furtherance of the single conspiracy because they

8   kept Hernandez informed about "the current status of the conspiracy." Gupta,

9   747 F.3d at 124.

10  **6. <u>Ineffective Assistance of Counsel</u>**

11  Finally, both Mack and Ellison argue that they received ineffective

12  assistance of counsel. "[I]n most cases a motion brought under § 2255 is

13  preferable to direct appeal for deciding claims of ineffective assistance" because

14  on direct appeal the trial record is "not developed precisely for the object of

15  litigating or preserving the claim and thus often incomplete or inadequate for

16  this purpose." Massaro v. United States, 538 U.S. 500, 504–05 (2003). We

17  decline to address the ineffective assistance claims on direct appeal and defer

18  consideration to any future petition for a writ of habeas corpus filed pursuant to

10

28 U.S.C. § 2255.

We have considered Mack's and Ellison's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgments of conviction are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit