UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                                    No. 18 Cr. 834 (PAE)

ANTHONY ELLISON,

        Defendant.
---------------------------------------------------------x

**DEFENDANT'S MOTION TO BE RELEASED ON BAIL PENDING DISPOSITION OF HIS MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT, BROUGHT UNDER 18 U.S.C. 3582(c)(1)(A)(i)**

Defendant, ANTHONY ELLISON, appearing pro se, and respectfully submits this motion for his release on bail pending the disposition of his motion to modify his sentence, brought pursuant to 18 U.S.C. 3582(c)(1)(A). For the reasons set forth hereinafter, this motion should be granted.

    **I.    Background.**

Pending before the Court is Defendant's pro se motion to modify his term of imprisonment based on the existence of extraordinary and compelling reasons. Those extraordinary and compelling reasons include a post-trial statement from an alleged victim – Mark Hobdy – exonerating the Defendant of an alleged assault. Mr. Hobdy, whose identity was apparently known to the Government prior to trial, but was not called as a witness during the trial.

Mr. Hobdy subsequently advised a private investigator that the Defendant was not the assailant, and the private investigator reduced that statement to writing. In addition, upon information and belief, the investigator also contemporaneously recorded his encounter with Mr. Hobdy. Although this evidence could very well support a motion for a new trial based on newly discovered evidence, Defendant is only seeking a modification of his term of imprisonment. The Government has opposed the request for relief but has not denied that Mr. Hobdy made statements attributed to him. In view of the recordings a denial would be meritless.

In addition, Defendant seeks a modification of his term of imprisonment based on additional extraordinary and compelling reasons – "victim's wrongful conduct" and the fact that the case was improperly brought in the Southern District. As to Daniel Hernandez's wrongful conduct, which contributed significantly to the alleged kidnapping, Defendant submits that the Sentencing Guidelines recommended a lower sentence. The Government opposes but stopped short of denying that Mr. Hernandez's wrongful conduct contributed (significantly) to the commission of the offense – something the Government cannot deny.

Though the Government opposes, it is undeniable that the basis for the motion falls neatly within the meaning of "extraordinary and compelling reasons," as contemplated by Section 3582(c)(1)(A), justifying modification of the sentence.

## II.  Arguments.

**THIS DEFENDANT  SHOULD BE RELEASED ON BAIL PENDING THE DISPOSITION OF  HIS MOTION TO MODIFY HIS TERM OF IMPRISONMENT,  GIVEN THE LIKELIHOOD OF SUCCESS AND THE FACT THAT THE DEFENDANT IS NOT A FLIGHT RISK OR A DANGER TO ANOTHER PERSON, NOR TO THE COMMUNITY**

As a preliminary matter, it should be noted that this Court has the authority to entertain and grant this motion for bail pending the disposition of the motion for compassionate release. *See, United States v. Bush,* 2021 WL 199618, at *2 (S.D.N.Y. Jan. 20, 2021); *United States v. Robert Pena,* Docket No. 18 Cr. 844 (ER)(S.D.N.Y. Apr. 26, 2021); *United States v. Aundray White,* Docket No. 17 Cr. 431 (RMB)(S.D.N.Y. Jan. 29, 2021).

Defendant seeks his release on bail and respectfully submits that he is neither a risk of flight nor would he pose a danger to another person or the community if released. Further, Defendant has made a substantial showing that he is likely to prevail on his motion for compassionate release. He has undeniably articulated both an extraordinary and compelling reason justifying modification of his term of imprisonment. Furthermore, a modification of the term would also likely result in his immediate release from custody, rendering his continued confinement inappropriate.

It is indisputable that Defendant's claim of actual innocence as it relates to the assault of Mr. Hobdy, coupled with Mr. Hobdy's assertions, entitles Defendant to relief.

It is also undeniable that Defendant's presentation of mitigating circumstances surrounding the sentence imposed entitle him to relief. As noted in response to the Government's opposition to the compassionate release motion, the Government ignores the citation of the Supreme Court's holding that a victim's wrongful conduct is an *encouraged* basis for *Koon v. United States,* 518 U.S. 81, 101 (1996); *United States v. Canova,* 485 F.3d 674, 681 (2d Cir. 2007)("if the victim's wrongful contributed significantly to provoking offense behavior" the court may impose a sentence significantly below the recommended guideline).

Finally, it is indisputable that this case was improperly brought in the Southern District of New York, for the reasons stated in Defendant's moving and reply papers.

### V. Conclusion.

For the reasons stated, the Court should appoint counsel to represent the Defendant in this matter. The Court should also schedule a hearing on the motion for release, and thereafter issue an order setting terms and conditions of release on bail pending the disposition of the compassionate release motion.

WHEREFORE, Defendant prays that the Court will grant this motion in its entirety.

Dated: Brooklyn, New York
June 23, 2023

Respectfully submitted,

*Anthony Ellison*

_____
ANTHONY ELLISON
REGISTER NO.
M.D.C. BROOKLYN
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

cc: Office of the U.S. Attorney (S.D.N.Y.)

-5-